Chief Deputy Tim Roberson Boone County Sheriff's Office 400 East Prospect Harrison, Arkansas 72601
Dear Deputy Roberson:
I am writing in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on whether your decision to release certain personnel records of a former Boone County Sheriff's employee is consistent with the Arkansas Freedom of Information Act ("FOIA") (A.C.A. § 25-19-101 to -107 (Repl. 1996 and Supp. 1999). You have enclosed everything in the personnel file in question. You note that you believe that most of the documents contained in the file should be released, but seek my opinion as to which items should be released and which should not be released.
RESPONSE
It is my opinion that most of the records in the file are indeed subject to inspection and copying under the FOIA. The records in question are comprised of either "personnel records" for purposes of A.C.A. §25-19-105, "employee evaluation or job performance records," under that same statute, or constitute neither of these and are simply "public records" subject to disclosure for purposes of the FOIA except to the extent of any otherwise exempted information. "Personnel records" are subject to inspection and copying except to the extent their release would constitute a "clearly unwarranted invasion of personnel privacy." A.C.A. § 25-19-105(b)(10). "Employee evaluation or job performance records" are not subject to inspection and copying unless: 1) the employee has been suspended or terminated; 2) the records formed a basis for the suspension or termination decision; 3) all administrative appeals of the decision are final; and 4) there is a compelling public interest in disclosure. A.C.A. § 25-19-105(c)(1) (Supp. 1999). In some cases, it is impossible for me to tell whether certain documents are properly classified as employee evaluation or job performance records. These documents will be discussed below. As a final matter, some of the documents, or information contained in these documents must be shielded from public inspection based upon other specific exemptions in the FOIA, other state statutes, or by virtue of federal law.
It is my opinion as an initial matter that social security numbers of individuals contained anywhere in the file must be excised or blacked out prior to the release of otherwise public documents. See A.C.A. §25-19-105(b)(10); 5 U.S.C. § 552a, note (the Federal Privacy Act); and42 U.S.C. § 405(c)(2)(C)(viii). Such numbers appear numerous times throughout the various documents contained therein. In my opinion the medical examination document should be shielded from public inspection pursuant to A.C.A. § 25-19-105(b)(2) (medical records). The home addresses and phone numbers of law enforcement personnel must be excised. Seee.g., Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998). Marital status and family information of public employees must be excised from resumes and other personnel records. See A.C.A. § 25-19-105(b)(10) and Ops. Att'y Gen. 99-305 and 99-283. Educational transcripts must be withheld from public view under A.C.A. § 25-19-105(b)(2) (scholastic records). Additionally, although it seems unlikely after the passage of so much time, to the extent any of the records pertain to ongoing law enforcement investigations, those portions should be excised in accordance with A.C.A. § 25-19-105(b)(6).
Certain other information must be withheld in light of its content. One page of the file contains a handwritten summation of conviction information on an arrestee. I cannot determine whether this information was recorded from the "Arkansas Crime Information Center" database and its public release therefore restricted by A.C.A. § 12-12-211 (Repl. 1999). If the ACIC database is the origin of this information, it must be withheld from public view. One photocopied phone message slip appears to refer to the arrest of a juvenile or juveniles. If so, this information should be shielded under A.C.A. § 9-27-352 unless the juveniles were later charged as adults or a juvenile court order opens the records. Another document in the personnel file contains computerized information from the Arkansas State Police Communication Center detailing certain criminal information. Some of the information pertains to a juvenile. It is my understanding that this information may be non-criminal history information and should therefore be shielded pursuant to A.C.A. §12-12-211(a)(2) unless authorized by the ACIC Board. Additionally, there is a photocopied phone message slip (appearing on the bottom of one photocopied document below some typewritten information) that refers to the job performance of the employee in question. If the employee was neither suspended nor terminated (and nothing in the file reflects that he was) it is my opinion that this particular phone message should be withheld under A.C.A. § 25-19-105(c)(1). Three additional phone message slips are somewhat illegible, but to the extent they include information about the arrest or detention of juveniles, or a supervisor's documentation of an individual employee's job performance, in my opinion they should be shielded from public inspection. Finally, an army discharge form (DD Form 214) appears in the personnel file you have enclosed. Although this document, in my opinion, is generally open to public inspection,[1] it contains some information which should be excised prior to release, including social security number, address, `blood group,' and insurance information. See, Stilley, supra.
In addition to the items above, which in my opinion must be shielded from public view, there are certain documents contained in the file that I am unable, without more information, to properly classify. These records may or may not constitute "employee evaluation or job performance records" depending upon the circumstances surrounding their creation. I refer to six documents, which include what appear to be three incident reports, one each prepared by Officers Pearson and Stevens and one unsigned but initialed report; one statement by the chief of police; and two interviews with arrestees (one detailing a 1986 arrest and one a 1989 arrest). These documents, if created in the ordinary course of routine police work, are in my opinion open to public inspection.[2] See e.g.,Hengel v. City of Pine Bluff, 307 Ark. 457, 821 S.W.2d 761 (1991). If, however, any of these documents were created or procured by supervisory personnel in an effort to investigate or otherwise review the performance of sheriff's department employees, they may properly be classified as "employee evaluation or job performance records," which are not subject to disclosure unless the four-part test for release of these records (seesupra pp. 1 and 2) has been met. See e.g., Op. Att'y Gen. 99-339.
I am somewhat puzzled, as a final matter, as to why records relating to an arrest which took place in 1989, over two years after the deputy in question resigned from the sheriff's office, appear in the deputy's "personnel file" at the Boone County Sheriff's office. The officer in question was apparently at that time Chief of the Harrison Police Department. Although the status of records detailing this 1989 arrest, therefore, is unclear as a factual matter, they may be neither "employee evaluation or job performance records" nor "personnel records" under the FOIA, and thus generally open to public inspection with any specifically exempted information excised. Cf. Op. Att'y Gen. No. 92-145. In any event, even if these records constitute "personnel records" of the deputy in question, there is nothing contained therein that would constitute a "clearly unwarranted invasion of personal privacy."
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] Although the maintenance and dissemination of these forms by the military itself is strictly regulated (see, e.g., 32 C.F.R. §§ 45.3 and45.4) I can find no specific federal preemptory statute that would prohibit their release by third persons.
[2] The names of any juveniles arrested or detained, however, must be excised from these reports, unless later charged as adults. See A.C.A. §9-27-352.